Alfonso León Jiménez and Rosa Albandoz, Petitioners, *v.* District Court of San Juan, Respondent.

No. 1130. Argued February 7, 1938.—Decided March 29, 1938.

*Miguel A. Muñoz* for petitioners. *L. Ríos Algarín* for intervener and plaintiff in the main action.

Mr. Justice Wolf delivered the opinion of the Court.

In this case petitioners requested and were granted a writ of certiorari to review the proceedings in the case of *Small-*

*wood Bros.* v. *Rosa Albandoz* had before the District Court of San Juan.

On the 3rd of September, 1937, T. H. Smallwood, doing business under the name of Smallwood Bros., filed suit in accordance with Article 6 of the Conditional Sales Act of April 13, 1916 (Laws, p. 123), as amended by Act No. 40 of 1925 (Laws, p. 246), to recover possession of an automobile sold to Rosa Albandoz by a conditional sale contract. The plaintiff, in addition to beginning the special proceeding to recover possession of the automobile, also obtained from the court an atachment to secure the effectiveness of the judgment. In the contract referred to a stipulation was made to the effect that if an installment became due and was not paid, the rest of the installments would thereby also become due. The complainant alleged that defendant did not pay a balance due of $23.56 corresponding to the installment of July 21, 1937, and the entire installment due on August 21, 1937, in the sum of $52.78, whereby all the rest of the installments became due, said installments amounting to the sum of $709.70. A copy of the conditional sale contract was attached to the complaint, whereon appears the stamp of the Department of the Interior, Automobile Division, and the date on which said contract was filed in that office. On September 3, 1937, the court ordered the parties notified that a hearing would be had at 9 a. m. on September 10th. On the 9th of September and on motion of the complainant, Alfonso León Jiménez was notified of said hearing as an interested party. On the day of the hearing Alfonso León Jiménez asked and received permission to take part in the case as intervenor.

The intervenor, in his testimony, declared that he bought the interest of Rosa Albandoz in the automobile and notified the complainant; that he paid certain installments and the receipt was given to him, made out to Rosa Albandoz; that no new contract was entered into between the complainant

and the intervenor and that in effect he had not paid the installments as alleged by the complainant.

Petitioners allege two errors in the District Court, as follows:

1. That the Court erred in ordering the attachment to secure the effectiveness of the judgment, inasmuch as the complainant in said case had followed the procedure for the retaking and sale of movable goods on the breach of condition of a conditional sale, as provided for by Act No. 61 of 1916, supra.

2. That Rosa Albandoz was made a party defendant when she had no interest which would warrant making her a defendant in said case.

The conditional sales Act (No. 61 of 1916), is an act providing a special procedure to recover goods sold under a conditional sale contract when any of the conditions of said contract have not been complied with. According to said Act the Court must cite the parties to a hearing to be held within ten days after the filing of the complaint. After this hearing the Court may order the marshal to take possession of the goods and deliver them to the plaintiff. There is nothing in said Act nor in any other act which prohibits the complainant from attaching said property, as was done in this case, to secure the effectiveness of the order of repossession that the court may dictate. The Act to secure the effectiveness of judgments, on the other hand, is a broad statute which is remedial in its effects, and therefore should be liberally construed.

Petitioners allege that the Conditional Sales Act providing a special remedy in cases of conditional sales, limits the vendor and the purchaser strictly to that procedure. Although this may be so, as we have stated above, there is nothing in said Act which prohibits the securing of the judgment by an attachment as provided for by the Act to secure the effectiveness of judgments, of March 1, 1902, p. 166, Code

of Civil Procedure (1933 ed.), p. 97. Section 1 of said Act states as follows:

"Every person who shall bring an action for the fulfillment of any obligation . . . ."

Referring to the word "action" as used in said statute, Section 50 of the Code of Civil Procedure of P. R. (ed. of 1933) defines it so as to include a special procedure of a civil nature.

In other words, if we accept that these two statutes are *in pari materia,* they should be taken and construed together. On this principle, "in many instances," says the Court of Errors of the State of New York, "a remedy provided by one statute will be extended to cases arising on the same matter under a subsequent statute." *Rogers* v. *Bradshaw,* 20 J.R. 744 (Johns N.Y.). This principle has been stated by this Court in the following manner:

"Laws *in pari materia* should be construed together, harmonizing them, if possible, and in such manner that they are not incompatible with the general principles of law." *Ex parte Bird,* 5 P.R.R. 241; *Ex parte Andino,* 8 P.R.R. 463.

Therefore, although the vendor may be limited to the procedure set forth in the Conditional Sales Act, in obtaining the repossession of the automobile, this does not mean that he may not attach said automobile to secure the effectiveness of the order for repossession.

■ In regard to the allegation that Rosa Albandoz had not a sufficient interest in the matter so as to be made a party defendant, this Court, in *Smallwood* v. *Court,* 50 P.R.R. 608, states as follows:

"Where a conditional sale contract has been recorded containing the condition and reservation to the effect that title to the thing sold is to be retained by the seller until the purchase price has been paid, the sale cannot be deemed absolute as regards a subsequent purchaser."

This is further brought out by the fact that even though Rosa Albandoz sold the car to a third person, Alfonso León Jiménez, and the conditional vendor had been notified of the fact and the subsequent installments were paid to Smallwood Bros. by said third person, nevertheless the receipts were issued in the name of Rosa Albandoz.

Various authorities are cited by the petitioners. Some of them are a re-statement of the general law of Conditional Sales, and the others have no governing application to the viewpoint we have taken.

The writ should be annulled.

Mr. Justice Córdova Dávila took no part in the decision of this case.